FREEDOM FROM RELIGION *foundation*

P.O. BOX 750 · MADISON, WI 53701 · (608) 256-8900 · WWW.FFRF.ORG

January 5, 2024

EXHIBIT C

**SENT VIA EMAIL: williamsty1@scsk12.org**
**CC: andrewsc@scsk12.org; stuartml@scsk12.org; doddj@scsk12.org; brittonny@scsk12.org**

Tutonial Williams
Interim Superintendent
Memphis-Shelby County Schools
160 S. Hollywood St.
Memphis, TN 38112

Re: Unconstitutional Censorship and After School Satan Club

Dear Superintendent Williams:

I am again writing on behalf of the Freedom From Religion Foundation (FFRF) regarding the District's unconstitutional treatment of the After School Satan Club (ASSC) at Chimneyrock Elementary.

ASSC is set to begin hosting its meetings at Chimneyrock Elementary on January 10, 2024. We are informed that on January 4th the District notified ASSC that a "special security fee" of $2,045.60 is being added to ASSC's invoice for ten additional security officers for a total of four hours on January 10th. Additionally, the District is tacking on another fee of $250 for "field lights." Reportedly, the District told ASSC that the January 10th meeting will be canceled if ASSC does not pay the $2,295.60 in fees by Monday, January 8th. It is our understanding that the Good News Club, which also meets after school at Chimneyrock Elementary, has not been assessed any "special security fee" or a fee for "field lights."

Unfortunately, it appears that the District has chosen to defy the law and discriminate against ASSC despite assurances at the December 13, 2023 press conference that the District supports the law and recognizes its duty to uphold state laws and the United States Constitution.[1] The District is attempting to use these exorbitant and discriminatory fees as a means to "mitigate the situation" as one School Board member threatened during the December 2023 press conference. It is clear that the District is assessing these fees against ASSC in order to discriminate against ASSC and its disfavored viewpoint.

In the face of disfavored religious speech, the District has chosen to try and silence that speech rather than protect it. The District has violated the First Amendment by bowing to the community's heckler's veto.

As we previously explained, the District cannot constitutionally discriminate against the ASSC. Under the Establishment Clause of the First Amendment, schools must remain neutral between religions, and between religion and nonreligion. *See generally Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290 (2000); *Lee v. Weisman*, 505 U.S. 577 (1992); *Wallace v. Jaffree*, 472 U.S. 38 (1985); *Epperson v. Arkansas*, 393 U.S. 97 (1967); *Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203 (1963); *Engel v. Vitale*, 370 U.S. 421 (1962); *McCollum v Bd. of Ed.*, 333 U.S. 203 (1948). "The clearest command of the Establishment

[1] *Memphis school officials address 'After School Satan Club'*, https://wreg.com/news/local/memphis-school-officials-address-after-school-satan-club/?fbclid=IwAR1PHyK6Y6nmqGJ3CFxkbRG4uw4q3i50GGIlnu6dkWllkXJ5F4MBo5aSU8M.

Clause is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244 (1982). The District has arbitrarily assessed these fees against the ASSC while refraining from assessing any similar fees against the Good News Club. In doing so, the District has abridged its constitutional duty to remain neutral by discriminating against ASSC on the basis of ASSC's religious viewpoint.

A bedrock principle of the First Amendment "is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Bible Believers v. Wayne Cnty., Mich.*, 805 F.3d 228, 233 (6th Cir. 2015) (citing *Snyder v. Phelps*, 562 U.S. 443, 458 (2011)). In *Bible Believers*, the Sixth Circuit Court of Appeals, which has jurisdiction over Tennessee, held that the government had "effectuated a heckler's veto" by silencing a religious group's protected speech in response to a "hostile" reaction by a crowd of community members. *Bible Believers*, at 242–43. The Sixth Circuit went on to explain that "An especially 'egregious'" form of discrimination is "that which is designed to exclude a particular point of view from the marketplace of ideas [ . . . ] The heckler's veto is precisely that type of odious viewpoint discrimination." *Id.*, at 248 (internal citations omitted). "Punishing, removing, or by other means silencing a speaker due to crowd hostility will seldom, if ever" pass constitutional muster. *Id*, Here, the District has effectuated an unconstitutional heckler's veto by financially punishing ASSC in order to silence it in response to community hostility.

Additionally, the District's facility rental policy gives unbridled discretion to the security official to charge excessive fees to unpopular groups. This kind of arbitrary fee application is squarely unconstitutional. In *Forsyth County, Georgia v. Nationalist Movement*, the United States Supreme Court held that an ordinance permitting a government administrator to assess and vary a fee for assembling to reflect estimated security costs was unconstitutional. 505 U.S. 123, 124 (1992). The Court explained:

> The decision how much to charge for police protection or administrative time—or even whether to charge at all—is left to the whim of the administrator. There are no articulated standards either in the ordinance or in the county's established practice. The administrator is not required to rely on any objective factors. He need not provide any explanation for his decision, and that decision is unreviewable. **Nothing in the law or its application prevents the official from encouraging some views and discouraging others through the arbitrary application of fees. The First Amendment prohibits the vesting of such unbridled discretion in a government official.**

*Id*, at 133 (emphasis added). In this instance, the District's rental policy states that the "Security Fee will be determined by Steve Cole with SCS Safety and Security." There is no mention of any neutral and objective guidelines used to determine when a security fee must be assessed against a group renting District facilities or how the fees are calculated. The District's security fee policy vests "unbridled discretion" in an administrator, and there is nothing in this policy or its application that prevents the security official "from encouraging some views and discouraging others through the arbitrary application of fees." *Id.* In fact, that appears to be exactly what has happened here: The District's security official has assessed an arbitrary and exorbitant fee against ASSC in order to discourage this unfavored religious group from using the District's facilities pursuant to the District's rental policy. This is plainly unconstitutional.

At least one other school district has tried and rightly failed to discriminate against ASSC by using this same unconstitutional tactic. In September 2022, a Virginia school district attempted to use this same illegal workaround to prevent ASSC from holding after school meetings at one of its schools. After

approving ASSC's application to rent school facilities for its meetings, the Chesapeake Public Schools (CPS) demanded that ASSC pay a security fee based on alleged concerns about backlash from the community.[2] After the ACLU of Virginia stepped in, CPS agreed to refund ASSC the improperly charged security fees and allow ASSC to continue meeting on the same terms as all other after-school groups.[3]

Finally, we would like to once again remind the District that by discriminating against ASSC, it is exposing itself to costly litigation that will almost certainly end in a loss for the District. *See Satanic Temple, Inc. v. Saucon Valley Sch. Dist.*, No. 5:23-CV-01244-JMG, 2023 WL 3182934, at *1 (E.D. Pa. May 1, 2023). In November 2023, the *Saucon Valley* case settled after **the district agreed to pay $200,000 in attorneys' fees and costs** to the Satanic Temple's attorneys.[4]

The District must rescind its unconstitutional arbitrary security fee assessment against ASSC and cease attempting to effectuate a heckler's veto by silencing ASSC's disfavored speech. Please respond in writing by January 8 to inform us whether the "special security fee" and "field lights" fees will be removed.

Sincerely,

Samantha F. Lawrence
*Anne Nicol Gaylor Legal Fellow*
*Freedom From Religion Foundation*

---

[2] *After School Satan Club Holds First Meeting At Chesapeake Public School*, ACLU of VA (Feb. 16, 2023), https://www.acluva.org/en/press-releases/after-school-satan-club-holds-first-meeting-chesapeake-public-school.
[3] *Id.*
[4] *Pennsylvania School District Agrees to Pay $200,000 After Discriminatory Decision to Block After School Satan Club From School Facilities.*